UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON HOOKER, JR.,

        Plaintiff,

v.                           CASE NO. 8:20-cv-2994-T-36TGW

DEPARTMENT OF
VETERANS AFFFAIRS,

        Defendant.

## REPORT AND RECOMMENDATION

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his complaint which alleges that the defendant improperly withheld from him records he requested pursuant to the Freedom of Information Act (Doc. 1).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress.

The plaintiff, who is a serial filer (see, e.g., Hooker v. Wilkie, 8:18-mc-89-T-36JSS (Doc. 7)), has not established that he is entitled to

proceed in forma pauperis. He states that he seeks to proceed in forma pauperis "due to financial hardships caused by the COVID-19 pandemic that affects millions of citizens. I will affirm without fear of penalty of perjury that the above information is true ..." (Doc. 2, p. 1). The plaintiff fails to specify any financial information (i.e., income, assets, expenses) to substantiate his bare-bones allegation of financial hardship. The court's website contains form applications that list the necessary information.

Furthermore, even if the plaintiff proved indigency, the case is properly dismissed. A case is subject to dismissal if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Notably, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014). The plaintiff has not stated a cognizable complaint because he has not stated a claim showing that he is entitled to relief and that the court has jurisdiction over this matter. See Rule 8(a)(1)(2), F.R. Civ. P. (requiring "a short and plain statement of the grounds for the court's jurisdiction" and "a short and

2

plain statement of the claim showing that the pleader is entitled to relief").

The plaintiff initially alleges that this is an action "seeking the disclosure and release of agency records improperly withheld from Plaintiff" (Doc. 1, p. 1). However, according to the complaint and its exhibits, the defendant has not withheld any responsive documents.

As the plaintiff recounts in the complaint, the response to his FOIA request states (Doc. 1, p. 3, ¶2; Doc. 1-1, p. 2) (emphasis added):

> The Bay Pines VAHCS conducted a search for documents responsive to your request. The search was conducted by utilizing the search criteria described in your November 7, 2020 FOIA request. At the conclusion of the search, 1 document[], totaling 3 pages, w[as] determined to be responsive to your request. All information is provided in its entirety. <u>No portions of the requested records have been withheld either in whole or in part</u>.

Thus, the plaintiff has no cognizable basis for alleging that the defendant withheld documents responsive to his request.

Concomitantly, the plaintiff's assertion of subject matter jurisdiction under 5 U.S.C. 552(a)(4)(B) fails because that statute affords the court "jurisdiction to enjoin the agency from <u>withholding</u> agency records and to order the production of any agency records improperly <u>withheld</u> from the complainant." (Emphasis added). Therefore, this complaint is properly dismissed. <u>See</u> 28 U.S.C. 1915(e)(2)(B) (ii).

3

It is also noted the plaintiff alleges that the defendant's response to his FOIA request is fraudulent (Doc. 1, p. 3, ¶¶3, 4). However, he does not state any factual basis for such a serious allegation. See Rule 9(b), F.R.Civ.P. (allegations of fraud must be stated with particularity).

The plaintiff's complaint seems to be that the document that was provided did not say what he wanted it to say. The plaintiff's FOIA request was for police reports listing "Patient Carlton E. Hooker, Jr., as a Suspect in any disruptive or violent behavior prior to and after February 25, 2016, to December 9, 2016"(see Doc. 1-1, p. 1). The VA's search of Carlton E. Hooker, Jr., turned up one police report (id., pp 4-6). That report referred to Hooker as a former VA employee and not a patient (id., pp. 5, 6). The plaintiff says that under that circumstance he should have received a "No Records Response" (Doc. 1-1, p. 7). The VA does not have to create documents under the FOIA, but simply provide what records it has. The VA has done that. Although the plaintiff is apparently disappointed by what the report said, the FOIA does not provide any relief.

In sum, construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the complaint should be dismissed. See 28 U.S.C.

1915(e)(2)(B)(ii).

Furthermore, because a cognizable complaint is not possible based upon these facts, an amendment would be futile under these circumstances. Therefore, leave to file an amended complaint is unwarranted. See Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (The district court "may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."). I therefore recommend that the complaint be dismissed with prejudice. In all events, I recommend that the Motion to Proceed In Forma Pauperis (Doc. 2) be denied because it is deficient.

Respectfully submitted,

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: January 6, 2021.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.