UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLTON EUGENE HOOKER, JR.,

    Plaintiff,

v.                                                Case No: 8:20-cv-2994-CEH-TGW

DEPARTMENT OF VETERAN
AFFAIRS,

    Defendant.
_____/

## ORDER

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Thomas G. Wilson [Doc. 7] and the Response in Opposition filed by Plaintiff Carlton Eugene Hooker, Jr. [Doc. 11], which the Court construes as an objection. The Magistrate Judge has recommended that the Court dismiss the complaint with prejudice because, even if Plaintiff established that he is entitled to proceed *in forma pauperis*, subject matter jurisdiction is lacking and he cannot state a cognizable claim. The Court, having considered the Report and Recommendation and the Response, will **OVERRULE** Plaintiff's objections to the Report and Recommendation of the Magistrate Judge, **ADOPT** the Report and Recommendation, and **DISMISS** the Complaint **WITH PREJUDICE**.

**I.     BACKGROUND**

Plaintiff filed this two-count action for injunctive and other appropriate relief pursuant to the Freedom of Information Act, 5 U.S.C. § 552, on December 21, 2020.

[Doc. 1]. In his complaint, Plaintiff alleges that he submitted a request "for a copy of any and all police reports and charging documents which lists (Patient, Carlton E. Hooker Jr) as a Suspect in any disruptive behavior prior to and after the date of February 5, 2016, and prior to December 9, 2016," and that Defendant Department of Veterans Affairs fraudulently provided him with an unsigned report, which accuses him of disorderly conduct as a former employee and not a patient. *Id.* ¶¶ 2, 3. He alleges that if there is no police record showing any disruptive behavior or violent behavior by him as a patient, then the lifetime ban issued to him is illegal. *Id.* ¶ 4. He further alleges that he filed an appeal with the Department of Veterans Affairs and that a decision has not been made within the twenty-three working days.

The complaint attaches a copy of the correspondence from the United States Department of Veterans Affairs regarding its initial agency decision regarding Plaintiff's request for information. [Doc. 1-1]. The correspondence, dated November 17, 2020, states as follows:

> The Bay Pines VACHS conducted a search for documents responsive to [] your request. The search was conducted by utilizing the search criteria described in your November 7, 2020 FOIA request[.] At the conclusion of the search, 1 documents, totaling 3 pages, were determined to be responsive to your request. All information is provided in its entirety. No portions of the requested records have been withheld either in whole or in part. This concludes VHA 516 – Bay Pines VA Healthcare System's response to your FOIA request.

*Id.* at p. 2. The three-page report was provided with the correspondence to Plaintiff. *Id.* at pp. 4-6.

On January 7, 2021, Magistrate Judge Wilson entered his Report and Recommendation on Plaintiff's Motion to Proceed *In Forma Pauperis*. [Docs. 2, 7]. There, he explained that Plaintiff has not established that he is entitled to proceed *in forma pauperis* because he has failed to specify any financial information to substantiate his allegation of financial hardship. [Doc, 7 at pp. 1-2]. Moreover, he determined that even if Plaintiff had shown his indigency, the case is subject to dismissal because Plaintiff has not stated a cognizable claim that he is entitled to relief and the assertion of jurisdiction pursuant to 5 U.S.C. § 552 fails. *Id.* at pp. 2-5.

Plaintiff timely objected to the Report and Recommendation, contending among other things that the case cannot be dismissed unless the information requested on "Patient, Carlton E. Hooker Jr." does not exist. [Doc. 11]. He also requested the recusal of Magistrate Judge Wilson based on fraud on the Court.[1] *Id.* at pp. 1-6. According to Plaintiff, Magistrate Judge Wilson fraudulently lied when he stated—in his report and recommendation—that Plaintiff does not state any factual basis for such

---

[1] In seeking recusal, Plaintiff cites to 28 U.S.C. § 455(a). "In relevant part, 28 U.S.C. § 455(a) provides that '[a]ny ... judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.' " *In re Moody*, 755 F.3d 891, 894 (11th Cir. 2014) (quoting 28 U.S.C. § 455(a)). Their are two passing references to the Undersigned in Plaintiff's response. However, Plaintiff has not requested recusal of the Undersigned. Additionally, Plaintiff has not presented any facts which require the court to construe his request for recusal as also extending to the Undersigned. "The standard of review is 'whether an objective, disinterested, lay observer *fully informed of the facts underlying the grounds on which recusal was sought* would entertain a significant doubt about the judge's impartiality.' " *United States v. Scrushy*, 721 F.3d 1288, 1303 (11th Cir. 2013) (*emphasis added*). The motion is completely devoid of facts setting forth a basis for recusal of the Undersigned.

a serious allegation. *Id.* at p. 3. Plaintiff did not elaborate further on this point and did not address any other purported fraud by the Magistrate Judge. The Magistrate Judge denied the request, finding there was no meaningful basis for the motion to recuse. [Doc. 12].

## II. LEGAL STANDARD

Under the Federal Magistrates Act, Congress vests Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The Act further vests magistrate judges with authority to submit proposed findings of fact and recommendations for disposition by an Article III judge. 28 U.S.C. § 636(b)(1)(B). After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). If specific objections to findings of facts are timely filed, the district court will conduct a *de novo* review of those facts. 28 U.S.C. § 636(b); *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir.1988). If no specific objections to findings of facts are filed, the district court is not required to conduct a *de novo* review of those findings. *See Garvey v. Vaughn,* 993 F.2d 776, 779 n.9 (11th Cir.1993); *see also* 28 U.S.C. § 636(b)(1). In that event, the district court is bound to defer to the factual determinations of the magistrate judge unless those findings are clearly erroneous. *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Legal conclusions must be reviewed *de novo. Id.* Furthermore, objections to a magistrate judge's recommendation and report must be

4

"specific" and "clear enough to permit the district court to effectively review the magistrate judge's ruling." *Knezevich v. Ptomey*, 761 F. App'x 904, 906 (11th Cir. 2019).

### III.  DISCUSSION

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "[W]ithout jurisdiction the court cannot proceed at all in any cause." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Plaintiff's action is brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B). [Doc. 1 ¶ 1]. The Act "gives federal courts power 'to enjoin [an] agency from withholding agency records and to order the production of any agency records *improperly withheld*.'" *Sikes v. United States Dep't of Navy*, 896 F.3d 1227, 1233 (11th Cir. 2018) (quoting *5 U.S.C. § 552(a)(4)(B)*). "Under [the Act], federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *Pavlenko v. Dep't of Treasury Internal Revenue Serv.*, 356 F. App'x 293, 294 (11th Cir. 2009) (quoting *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 142 (1989)).

The Magistrate Judge determined that the complaint is subject to dismissal for lack of subject matter jurisdiction because Plaintiff has no cognizable basis for alleging that Defendant withheld documents responsive to his request. The Court agrees. The correspondence from Defendant provided with the complaint supports this determination. In that correspondence, the Department of Veterans Affairs explained

5

that it conducted a search utilizing Plaintiff's search criteria and determined that one document, totaling 3 pages, was responsive to Plaintiff's request. [Doc. 1-1 at p. 2]. That document was provided in its entirety. *Id.* Therefore, Plaintiff cannot allege that records have been withheld by Defendant, which is required for the exercise of federal jurisdiction pursuant to § 552(a)(4)(B). *Pavlenko*, 356 at 294. Hence, jurisdiction has not been established in this cause and the Court is without power to act. *Univ. of S. Alabama*, 168 F.3d at 410.

Moreover, the Court agrees that a cognizable claim is not possible based upon the facts alleged by Plaintiff. As the Magistrate Judge points out "[P]laintiff's complaint seems to be that the document that was provided did not say what he wanted it to say." [Doc. 7 at p. 4]. Again, the Correspondence provided by the Department of Veteran Affairs reflects that a search was conducted using the query provided by Plaintiff and that it only found an unsigned report, which accused Plaintiff of disorderly conduct as a former employee and not as a patient. [Doc. 1-1 at 11, 12]. Upon consideration, the Court cannot find that Plaintiff has stated, or can state, a plausible claim that Defendant has violated § 552.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's objections to the Report and Recommendation of the Magistrate Judge—as raised in his Response in Opposition [Doc. 11]—are **OVERRULED.**

2. The Report and Recommendation of the Magistrate Judge [Doc. 7] is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

3. The Complaint is dismissed with prejudice for lack of subject matter jurisdiction and failure to state a claim.

4. The Motion to Proceed *In Forma Pauperis* [Doc. 2] is denied, as it is deficient.

5. The Clerk is directed to terminate any pending motions and close this case.

**DONE AND ORDERED** in Tampa, Florida on June 9, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any